## SUMMONS

Attorney: Bedwell & Pyrich, LLC
Office Address: 250 Pehle Ave, Suite 200
                        Park 80 West - Plaza II
                        Saddle Brook, NJ 07663
Telephone Number: (201) 588-4099
Attorney for Plaintiffs

# Superior Court of New Jersey

Burlington County
Law Division
Docket No: L-1188-19

JOHN F. DiMARCO and JOSEPH
SERPENTE,

**Plaintiffs,**

v.

LORI COATES and COATES
INNOVATIONS, LLC, d/b/a SUPPORT
THE FOOT,

**Defendants.**

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above: **COATES INNOVATIONS, LLC, d/b/a SUPPORT THE FOOT**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_s/ Michelle M. Smith_
Clerk of the Superior Court

**DATED:** June 20, 2019

**Name of Defendant to Be Served:** COATES INNOVATIONS, LLC, d/b/a SUPPORT THE FOOT

**Address of Defendant to Be Served:** c/o Lori Coates, Registered Agent
14607 S.E. 267th St., Kent, WA 98042-8109

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**BEDWELL & PYRICH, LLC**
**Anthony M. Bedwell, Esq. (Atty ID # 008732007)**
**Alissa Pyrich, Esq. (Atty ID # 025401992)**
250 Pehle Ave., Suite 200
Park 80 West – Plaza II
Saddle Brook, NJ 07332
(T) (201) 588-4099
(F) (201) 588-4930
abedwell@jmslawyers.com
apyrich@jmslawyers.com
Attorneys for Plaintiffs John F. DiMarco and Joseph Serpente

| | |
|---|---|
| JOHN F. DiMARCO and JOSEPH SERPENTE,<br><br>          Plaintiffs,<br><br>     v.<br><br>LORI COATES and COATES INNOVATIONS, LLC, d/b/a SUPPORT THE FOOT,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br> BURLINGTON COUNTY<br><br>DOCKET NO:<br><br>          Civil Action<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, John F. DiMarco and Joseph Serpente, by and through their attorneys, complaining of the Defendants, Lori Coates and Coates Innovations, LLC, d/b/a Support the Foot, allege and say as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.     Plaintiffs seek damages arising from Defendants' breach of their contractual obligations under agreements and promises between the Plaintiffs and Defendants. Plaintiffs further seek a declaratory judgment adjudicating the parties' respective rights, duties, and obligations under these agreements. Plaintiffs also seek damages, including, but not limited to, compensatory damages, incidental damages, consequential damages, and punitive damages, as well as pre-judgment and post-judgment interest and attorney's fees and costs of suit, resulting

from Defendants' breaches of contract and breach of their duties to pay Plaintiffs for past services, as well as further remuneration in an amount to be proven at trial. Plaintiffs also alternatively claim that in the event a contract was not reached, Plaintiffs are entitled to the same damages under theories of promissory estoppel, quantum meruit, and unjust enrichment.

## THE PARTIES

2.      Plaintiff Joseph Serpente ("Serpente") is an individual residing at all relevant times in Burlington County, New Jersey.

3.      Plaintiff John F. DiMarco ("DiMarco") is an individual residing at all relevant times in Atlantic County, New Jersey.

4.      Defendant Lori Coates ("Coates") is an individual who, upon information and belief, resides in Issequah, Washington and at all time relevant was and is the owner of Defendant Coates Innovations, LLC, d/b/a Support the Foot ("CI").

5.      Upon information and belief, defendant CI is a limited liability corporation organized under the laws of the State of Washington and has its principal place of business at 17300 S.E. 270th Pl., Ste. 7982, Covington, Washington 98042. CI has and is doing business as Support the Foot, a manufacturer and a wholesale and retail distributor of foot treatment product(s).

6.      Upon information and belief, CI is now, and was at all times relevant to the Complaint, a limited liability corporation conducting business transactions in the State of New Jersey.

7.      Between October 2015 and August 13, 2017, Plaintiffs were working with and for Lori Coates and CI providing, among other things, marketing, product development, regulatory advice, sales and sale development services.

## JURISDICTION AND VENUE

8.     The Court has jurisdiction over this matter because Defendants have transacted business in this jurisdiction including contracting for the services of plaintiffs, New Jersey residents and the sale of the foot treatment products to New Jersey residents.  Defendants own and operate a web site (https://www.supportthefoot.com/) accessible to residents of the State of New Jersey which can be used to order products to be shipped to the State of New Jersey.

9.     Venue is proper with this Court pursuant to R. 4:3-2(b) because Plaintiffs reside in Burlington County, New Jersey and Defendants have conducted business in and entered into contracts with residents of Burlington County, New Jersey.

## FACTUAL ALLEGATIONS

10.     Coates is the inventor of Quick Tape, a product marketed and sold by CI.  Quick Tape is a specifically designed adhesive which, when applied to the foot, provides relief and treatment for a painful condition called plantar faciitis.

11.     DiMarco is, among other things, a businessman and a certified pedorthist (CPed), a person trained to modify footwear and devices in order to treat foot conditions.

12.     Serpente is also a businessman and has been a marketer and salesperson for various products for 40 years.

13.     Starting in October 2015, Plaintiffs and Defendants agreed that DiMarco and Serpente would work for Coates and CI performing, among other things, marketing activities. Plaintiffs were to develop and promote sales, and, to the extent necessary, provide regulatory advice, assist in regulatory compliance, and undertake other tasks related to increasing the distribution and market for Support the Foot.

14.     DiMarco and Serpente worked and provided expert services for Defendants from October 2015 through at least August 13, 2017.  Plaintiffs fully expected to be compensated for their services and the benefit they brought to Lori Coates and CI, whether in the form of direct payments or shares of CI.

15.     To date, DiMarco and Serpente have received no remuneration from Defendants for the services provided.

16.     By May 30 2017, a written contract was drafted for consideration and negotiation between Plaintiffs and Defendants.

17.     In a June 4, 2017 email to DiMarco and Serpente, Coates stated that she wanted "all of us . . . to make a lot of money with this product…."  In this same e-mail, Coates made the following offer to DiMarco and Serpente:

> I would like to pay 10% commission to you for your personal sales, plus 5% override for STF sales retroactive to April 1, 2017.  The extra 5% commission for travel goes away and STF will pay all approved travel.
>
> In addition, with the sale of STF, I will offer the 5% equity for the agreement of goals that we have said all along and until you achieve the $1,500,000 in sales by October 31, 2018. Then an additional 5% equity if (a) STF had become profitable, (b) $2M in sales or more is achieved and maintained.
>
> If you leave the company for any reason, the least amount you will get to this point is 5% equity of the sale of STF if clinical trials and other pending projects are complete.  If you have already met the goals and achieved the 10% equity of the sale of STF, then that is what you retain when you leave.
>
> All commissions go away when you leave.
>
> I hope this is acceptable to you as I think I have met or exceeded the things that you have asked for.
>
> However, if you are not comfortable with this, I would still entertain for you to have your own independent sales company.

4

18.     On June 7, 2017, DiMarco responded by email to Coates' as follows:

Dear Lori

Joe and I appreciate your sincerity and agree in best interest [sic] for all to focus on the future.

We would like to confirm acceptance of the offer and look forward to the final documentation from the attorney.

19.     Although DiMarco, Serpente and Coates had explicitly agreed to all the essential terms and conditions of the contract providing for Plaintiffs' payment for their services, Coates failed to produce a final contract from the attorney.  Plaintiffs nevertheless continued to provide expert services to Coates and CI without pay, awaiting a final form of contract.

20.     On August 13, 2017, Coates sent a letter to DiMarco terminating the relationship between Plaintiffs and CI and Support the Foot.

21.     To date, DiMarco and Serpente have received no payment from Coates or CI for their services.

## COUNT I
## DECLARATORY JUDGMENT

22.     Plaintiffs repeat the allegations of Paragraphs 1 through 21 and make them a part hereof as if fully set forth at length herein.

23.     The June 4, 2017 and June 7, 2017 e-mail between Plaintiffs and Defendant constitute a binding contract whereby Defendants were obligated to pay Plaintiffs for their services.

24.     Defendants have failed to honor and have disputed their obligations to pay Plaintiffs for their past efforts and expertise or provide adequate compensation for promises made throughout their nearly two-year association.

25.     An actual and justiciable controversy exists between Plaintiffs and Defendants regarding the duties and obligations under the contract, and a judicial declaration is necessary to determine the parties' respective rights and duties under the contract, including Defendants' obligation to reimburse for prior services provided by Plaintiffs and for all sums Defendants are legally obligated to pay for termination of the association before other promises could be fulfilled. Such sums include compensation for promised shares of CI, which shares were for past, as well as for future, services performed or to be performed by Plaintiffs.

**COUNT II**
**BREACH OF CONTRACT**

26.     Plaintiffs repeat the allegations contained in paragraphs 1 through 25 and make them a part hereof as if fully set forth at length herein.

27.     The June 4, 2017 and June 7, 2017 e-mail between Plaintiffs and Defendant constitute a binding contract whereby Defendants were obligated to pay Plaintiffs for their services.

28.     Plaintiffs and Defendants manifested an intention to be bound by the terms set forth in the June 4, 2017 and June 7, 2017 e-mails.

29.     The contract created by the June 4, 2017 and June 7, 2017 e-mail required, at a minimum, that Defendants must compensate Plaintiffs fairly for their past services.

30.     Defendants failed to pay any compensation to Plaintiffs for their services.

31.     On August 13, 2017, Defendants terminated Plaintiff's association with CI and prevented the promised awards of future remuneration, including shares of CI, as anticipated by

6

all parties under the contract, which shares were compensation for past, as well as future, work performed or to be performed by Plaintiffs.

32.    As a result of Defendants' conduct, Plaintiffs were injured.

33.    By reason of the foregoing, Defendants breached their obligations under the contract and are liable to the Plaintiffs for money damages including but not limited to the past service fees enumerated under the contract, or in the alternative, a reasonable compensation for the services provided, costs and payments and all other sums incurred by plaintiffs, and payment of other remuneration, including shares of CI, as contemplated under the contract.

## COUNT III
## ANTICIPATORY BREACH OF CONTRACT

34.    Plaintiffs repeat the allegations contained in paragraphs 1 through 33 and make them a part hereof as if fully set forth at length herein.

35.    The June 4, 2017 and June 7, 2017 e-mails between Plaintiffs and Defendant constitute a binding contract whereby Defendants were obligated to pay Plaintiffs for their services.

36.    Defendants promised to pay Plaintiffs for their work over many months.   A substantial portion of that promised compensation took the form of shares of CI, earned from past work and to be earned in the next year.

37.    By terminating their relationship with the Plaintiffs on August 13, 2017, Defendants deprived Plaintiffs both of payment earned for past performance and the opportunity to receive shares of CI.

38.    Defendants' refusal to honor its promise under the contract to award Plaintiffs shares of CI constitutes an anticipatory breach of the June 2017 contract.

39.    As a result of Defendants' conduct, Plaintiffs have been injured.

7

40.    Accordingly, Defendants have anticipatorily breached its obligations to pay Plaintiffs under the under the contract, and are liable to the Plaintiffs for money damages including but not limited to the past service fees enumerated under the contract, or in the alternative, a reasonable compensation for the services provided, costs and payments and all other sums incurred by plaintiffs, and a payment for other remuneration, including shares of CI, as contemplated under the contract.

## COUNT IV
## QUATUM MERUIT

41.    Plaintiffs repeat the allegations contained in paragraphs 1 through 40 and make them a part hereof as if fully set forth at length herein.

42.    Defendants requested services from Plaintiffs related to, among other things, to the development and sale of product manufactured by Support the Foot. Defendants agreed to pay Plaintiffs for those services.

43.    Plaintiffs provided the requested services in good faith. Defendants voluntarily accepted those services.

44.    Relying on Defendants' promises to pay, Plaintiffs fully expected to receive payment or other compensation for these services.

45.    Accordingly, Plaintiffs are entitled to the reasonable value of the services performed for Defendants, including the promised shares of CI, which Defendants have not yet paid.

## COUNT V
## PROMISSARY ESTOPPEL

46.    Plaintiffs repeats the allegations contained in paragraphs 1 through 45 and make them a part hereof as if fully set forth at length herein.

8

47.     Defendants made a clear and definite promise to Plaintiffs to compensate Plaintiffs fairly and reasonably in exchange for professional expert services.

48.     Defendants understood that Plaintiffs would (and did) rely on Defendants' promises to pay Plaintiffs for their performance of expert services and the benefit which Defendants received from those services with compensation and a share of the company.

49.     Plaintiffs' reliance on Defendants' promise to compensate them fairly for their service was reasonable.

50.     Plaintiffs' worked for many months for Defendants without any compensation whatever, despite Defendants' promises to the contrary, and consequently suffered a detriment that is both definite and substantial in nature. Accordingly, Plaintiffs are entitled to the reasonable value of the services performed for Defendants, including shares of CI, which Defendants have not yet paid.

**COUNT VI**
**UNJUST ENRICHMENT**

51.     Plaintiffs repeat the allegations contained in paragraphs 1 through 50 and make them a part hereof as if fully set forth at length herein.

52.     Defendants benefitted substantially as a result of Plaintiffs' expert services performed over many months.

53.     Defendants' benefitted from Plaintiffs' services without compensating Plaintiffs as promised and as the parties agreed and anticipated. Such benefit to the Defendants without compensation to the Plaintiffs is unjust.

54.     At all times, Plaintiffs fully expected to be compensated for their services and expertise benefitting the defendants.

55.     Defendants would be unjustly enriched beyond whatever contractual rights they might have, if they did not have to pay for the benefit provided by Plaintiffs.  Accordingly, Plaintiffs are entitled to the reasonable value of the services performed for Defendants, including shares of CI, which Defendants have not yet paid.

**WHEREFORE** plaintiffs DiMarco and Serpente demand judgment in their favor against defendants Lori Coates and Coates Innovation, LLC as follows:

1.     A declaration, pursuant to the terms of the contracts or under equitable principles, that Defendants are obligated to compensate John DiMarco and Joseph Serpente for all past professional services and expert advice, including promises of shares of CI, for past and future performance;

2.     Money damages, not limited to the contract terms, and including direct, compensatory and consequential damages, together with pre-judgment and post-judgment interest;

3.     Costs of suit;

4.     Counsel fees;

5.     Punitive damages; and

6.     Such and other further relief as the Court may deem just and proper.

BEDWELL & PYRICH, LLC
Attorneys for Plaintiffs

By:____/s Anthony M. Bedwell_____
        ANTHONY M. BEDWELL
        (ID # 008732007)

Dated: June 6, 2019

10

## DESIGNATION OF TRIAL COUNSEL

Anthony M. Bedwell, Esq. is hereby designated as trial counsel pursuant to R. 4:25-4.

## DEMAND FOR JURY TRIAL

Pursuant to R. 4:35-1, Defendants hereby demand a trial by jury as to all issues so triable.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that to the best of my knowledge the matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated, and that no other parties should be joined in this action pursuant to R. 4:28 or R. 4:29-1(b).

BEDWELL & PYRICH, LLC
Attorneys for Plaintiffs

By:___ /s Anthony M. Bedwell_____
ANTHONY M. BEDWELL
(ID # 008732007)

Dated: June 6, 2019

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001188-19

**Case Caption:** DIMARCO JOHN  VS COATES LORI

**Case Initiation Date:** 06/06/2019

**Attorney Name:** ALISSA PYRICH

**Firm Name:** BEDWELL & PYRICH, LLC

**Address:** 250 PEHLE AVE, STE 200 PARK 80 WEST,

PLAZA II

SADDLE BROOK NJ 07663

**Phone:**

**Name of Party:** PLAINTIFF : DiMarco, John, F

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO        **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/06/2019
Dated

/s/ ALISSA PYRICH
Signed

Murder courtops
Dec-24-2019  Hfc
d-26-2019        1115

## SUMMONS

Attorney: Bedwell & Pyrich, LLC
Office Address: 250 Pehle Ave, Suite 200
                          Park 80 West - Plaza II
                          Saddle Brook, NJ 07663
Telephone Number: (201) 588-4099
Attorney for Plaintiffs

# Superior Court of New Jersey

Burlington County
Law Division
Docket No: L-1188-19

JOHN F. DiMARCO and JOSEPH
SERPENTE,
                         **Plaintiffs**,

v.

LORI COATES and COATES
INNOVATIONS, LLC, d/b/a SUPPORT
THE FOOT,
                    **Defendants.**

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above: **LORI COATES**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf. Lawyer Referral for Burlington County may be contacted at (609) 261-4862. Legal Services for Burlington County may be contacted at (609) 261-1088.

_s/ Michelle M. Smith____
Clerk of the Superior Court

**DATED:** June 20, 2019

**Name of Defendant to Be Served:** LORI COATES

**Address of Defendant to Be Served:** c/o Coates Innovations, LLC
14607 S.E. 267th St., Kent, WA 98042-8109

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**BEDWELL & PYRICH, LLC**
**Anthony M. Bedwell, Esq. (Atty ID # 008732007)**
**Alissa Pyrich, Esq. (Atty ID # 025401992)**
250 Pehle Ave., Suite 200
Park 80 West – Plaza II
Saddle Brook, NJ 07332
(T) (201) 588-4099
(F) (201) 588-4930
abedwell@jmslawyers.com
apyrich@jmslawyers.com
Attorneys for Plaintiffs John F. DiMarco and Joseph Serpente

| | |
|---|---|
| JOHN F. DiMARCO and JOSEPH SERPENTE,<br><br>Plaintiffs,<br><br>v.<br><br>LORI COATES and COATES INNOVATIONS, LLC, d/b/a SUPPORT THE FOOT,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>BURLINGTON COUNTY<br><br>DOCKET NO:<br><br>Civil Action<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, John F. DiMarco and Joseph Serpente, by and through their attorneys, complaining of the Defendants, Lori Coates and Coates Innovations, LLC, d/b/a Support the Foot, allege and say as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.      Plaintiffs seek damages arising from Defendants' breach of their contractual obligations under agreements and promises between the Plaintiffs and Defendants. Plaintiffs further seek a declaratory judgment adjudicating the parties' respective rights, duties, and obligations under these agreements. Plaintiffs also seek damages, including, but not limited to, compensatory damages, incidental damages, consequential damages, and punitive damages, as well as pre-judgment and post-judgment interest and attorney's fees and costs of suit, resulting

from Defendants' breaches of contract and breach of their duties to pay Plaintiffs for past services, as well as further remuneration in an amount to be proven at trial. Plaintiffs also alternatively claim that in the event a contract was not reached, Plaintiffs are entitled to the same damages under theories of promissory estoppel, quantum meruit, and unjust enrichment.

## THE PARTIES

2.      Plaintiff Joseph Serpente ("Serpente") is an individual residing at all relevant times in Burlington County, New Jersey.

3.      Plaintiff John F. DiMarco ("DiMarco") is an individual residing at all relevant times in Atlantic County, New Jersey.

4.      Defendant Lori Coates ("Coates") is an individual who, upon information and belief, resides in Issequah, Washington and at all time relevant was and is the owner of Defendant Coates Innovations, LLC, d/b/a Support the Foot ("CI").

5.      Upon information and belief, defendant CI is a limited liability corporation organized under the laws of the State of Washington and has its principal place of business at 17300 S.E. 270th Pl., Ste. 7982, Covington, Washington 98042. CI has and is doing business as Support the Foot, a manufacturer and a wholesale and retail distributor of foot treatment product(s).

6.      Upon information and belief, CI is now, and was at all times relevant to the Complaint, a limited liability corporation conducting business transactions in the State of New Jersey.

7.      Between October 2015 and August 13, 2017, Plaintiffs were working with and for Lori Coates and CI providing, among other things, marketing, product development, regulatory advice, sales and sale development services.

2

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over this matter because Defendants have transacted business in this jurisdiction including contracting for the services of plaintiffs, New Jersey residents and the sale of the foot treatment products to New Jersey residents.  Defendants own and operate a web site (https://www.supportthefoot.com/) accessible to residents of the State of New Jersey which can be used to order products to be shipped to the State of New Jersey.

9.      Venue is proper with this Court pursuant to R. 4:3-2(b) because Plaintiffs reside in Burlington County, New Jersey and Defendants have conducted business in and entered into contracts with residents of Burlington County, New Jersey.

## FACTUAL ALLEGATIONS

10.      Coates is the inventor of Quick Tape, a product marketed and sold by CI.  Quick Tape is a specifically designed adhesive which, when applied to the foot, provides relief and treatment for a painful condition called plantar faciitis.

11.      DiMarco is, among other things, a businessman and a certified pedorthist (CPed), a person trained to modify footwear and devices in order to treat foot conditions.

12.      Serpente is also a businessman and has been a marketer and salesperson for various products for 40 years.

13.      Starting in October 2015, Plaintiffs and Defendants agreed that DiMarco and Serpente would work for Coates and CI performing, among other things, marketing activities. Plaintiffs were to develop and promote sales, and, to the extent necessary, provide regulatory advice, assist in regulatory compliance, and undertake other tasks related to increasing the distribution and market for Support the Foot.

3

14.     DiMarco and Serpente worked and provided expert services for Defendants from October 2015 through at least August 13, 2017.  Plaintiffs fully expected to be compensated for their services and the benefit they brought to Lori Coates and CI, whether in the form of direct payments or shares of CI.

15.     To date, DiMarco and Serpente have received no remuneration from Defendants for the services provided.

16.     By May 30 2017, a written contract was drafted for consideration and negotiation between Plaintiffs and Defendants.

17.     In a June 4, 2017 email to DiMarco and Serpente, Coates stated that she wanted "all of us . . . to make a lot of money with this product…."  In this same e-mail, Coates made the following offer to DiMarco and Serpente:

> I would like to pay 10% commission to you for your personal sales, plus 5% override for STF sales retroactive to April 1, 2017.  The extra 5% commission for travel goes away and STF will pay all approved travel.
>
> In addition, with the sale of STF, I will offer the 5% equity for the agreement of goals that we have said all along and until you achieve the $1,500,000 in sales by October 31, 2018. Then an additional 5% equity if (a) STF had become profitable, (b) $2M in sales or more is achieved and maintained.
>
> If you leave the company for any reason, the least amount you will get to this point is 5% equity of the sale of STF if clinical trials and other pending projects are complete.  If you have already met the goals and achieved the 10% equity of the sale of STF, then that is what you retain when you leave.
>
> All commissions go away when you leave.
>
> I hope this is acceptable to you as I think I have met or exceeded the things that you have asked for.
>
> However, if you are not comfortable with this, I would still entertain for you to have your own independent sales company.

4

18.     On June 7, 2017, DiMarco responded by email to Coates' as follows:

Dear Lori

Joe and I appreciate your sincerity and agree in best interest [sic] for all to focus on the future.

We would like to confirm acceptance of the offer and look forward to the final documentation from the attorney.

19.     Although DiMarco, Serpente and Coates had explicitly agreed to all the essential terms and conditions of the contract providing for Plaintiffs' payment for their services, Coates failed to produce a final contract from the attorney.  Plaintiffs nevertheless continued to provide expert services to Coates and CI without pay, awaiting a final form of contract.

20.     On August 13, 2017, Coates sent a letter to DiMarco terminating the relationship between Plaintiffs and CI and Support the Foot.

21.     To date, DiMarco and Serpente have received no payment from Coates or CI for their services.

**COUNT I**
**DECLARATORY JUDGMENT**

22.     Plaintiffs repeat the allegations of Paragraphs 1 through 21and make them a part hereof as if fully set forth at length herein.

23.     The June 4, 2017 and June 7, 2017 e-mail between Plaintiffs and Defendant constitute a binding contract whereby Defendants were obligated to pay Plaintiffs for their services.

5

24.     Defendants have failed to honor and have disputed their obligations to pay Plaintiffs for their past efforts and expertise or provide adequate compensation for promises made throughout their nearly two-year association.

25.     An actual and justiciable controversy exists between Plaintiffs and Defendants regarding the duties and obligations under the contract, and a judicial declaration is necessary to determine the parties' respective rights and duties under the contract, including Defendants' obligation to reimburse for prior services provided by Plaintiffs and for all sums Defendants are legally obligated to pay for termination of the association before other promises could be fulfilled. Such sums include compensation for promised shares of CI, which shares were for past, as well as for future, services performed or to be performed by Plaintiffs.

## COUNT II
## BREACH OF CONTRACT

26.     Plaintiffs repeat the allegations contained in paragraphs 1 through 25 and make them a part hereof as if fully set forth at length herein.

27.     The June 4, 2017 and June 7, 2017 e-mail between Plaintiffs and Defendant constitute a binding contract whereby Defendants were obligated to pay Plaintiffs for their services.

28.     Plaintiffs and Defendants manifested an intention to be bound by the terms set forth in the June 4, 2017 and June 7, 2017 e-mails.

29.     The contract created by the June 4, 2017 and June 7, 2017 e-mail required, at a minimum, that Defendants must compensate Plaintiffs fairly for their past services.

30.     Defendants failed to pay any compensation to Plaintiffs for their services.

31.     On August 13, 2017, Defendants terminated Plaintiff's association with CI and prevented the promised awards of future remuneration, including shares of CI, as anticipated by

6

all parties under the contract, which shares were compensation for past, as well as future, work performed or to be performed by Plaintiffs.

32. As a result of Defendants' conduct, Plaintiffs were injured.

33. By reason of the foregoing, Defendants breached their obligations under the contract and are liable to the Plaintiffs for money damages including but not limited to the past service fees enumerated under the contract, or in the alternative, a reasonable compensation for the services provided, costs and payments and all other sums incurred by plaintiffs, and payment of other remuneration, including shares of CI, as contemplated under the contract.

## COUNT III
## ANTICIPATORY BREACH OF CONTRACT

34. Plaintiffs repeat the allegations contained in paragraphs 1 through 33 and make them a part hereof as if fully set forth at length herein.

35. The June 4, 2017 and June 7, 2017 e-mails between Plaintiffs and Defendant constitute a binding contract whereby Defendants were obligated to pay Plaintiffs for their services.

36. Defendants promised to pay Plaintiffs for their work over many months. A substantial portion of that promised compensation took the form of shares of CI, earned from past work and to be earned in the next year.

37. By terminating their relationship with the Plaintiffs on August 13, 2017, Defendants deprived Plaintiffs both of payment earned for past performance and the opportunity to receive shares of CI.

38. Defendants' refusal to honor its promise under the contract to award Plaintiffs shares of CI constitutes an anticipatory breach of the June 2017 contract.

39. As a result of Defendants' conduct, Plaintiffs have been injured.

7

40.    Accordingly, Defendants have anticipatorily breached its obligations to pay Plaintiffs under the under the contract, and are liable to the Plaintiffs for money damages including but not limited to the past service fees enumerated under the contract, or in the alternative, a reasonable compensation for the services provided, costs and payments and all other sums incurred by plaintiffs, and a payment for other remuneration, including shares of CI, as contemplated under the contract.

## COUNT IV
## QUATUM MERUIT

41.    Plaintiffs repeat the allegations contained in paragraphs 1 through 40 and make them a part hereof as if fully set forth at length herein.

42.    Defendants requested services from Plaintiffs related to, among other things, to the development and sale of product manufactured by Support the Foot.  Defendants agreed to pay Plaintiffs for those services.

43.    Plaintiffs provided the requested services in good faith.  Defendants voluntarily accepted those services.

44.    Relying on Defendants' promises to pay, Plaintiffs fully expected to receive payment or other compensation for these services.

45.    Accordingly, Plaintiffs are entitled to the reasonable value of the services performed for Defendants, including the promised shares of CI, which Defendants have not yet paid.

## COUNT V
## PROMISSARY ESTOPPEL

46.    Plaintiffs repeats the allegations contained in paragraphs 1 through 45 and make them a part hereof as if fully set forth at length herein.

8

47.     Defendants made a clear and definite promise to Plaintiffs to compensate Plaintiffs fairly and reasonably in exchange for professional expert services.

48.     Defendants understood that Plaintiffs would (and did) rely on Defendants' promises to pay Plaintiffs for their performance of expert services and the benefit which Defendants received from those services with compensation and a share of the company.

49.     Plaintiffs' reliance on Defendants' promise to compensate them fairly for their service was reasonable.

50.     Plaintiffs' worked for many months for Defendants without any compensation whatever, despite Defendants' promises to the contrary, and consequently suffered a detriment that is both definite and substantial in nature.  Accordingly, Plaintiffs are entitled to the reasonable value of the services performed for Defendants, including shares of CI, which Defendants have not yet paid.

## COUNT VI
## UNJUST ENRICHMENT

51.     Plaintiffs repeat the allegations contained in paragraphs 1 through 50 and make them a part hereof as if fully set forth at length herein.

52.     Defendants benefitted substantially as a result of Plaintiffs' expert services performed over many months.

53.     Defendants' benefitted from Plaintiffs' services without compensating Plaintiffs as promised and as the parties agreed and anticipated.  Such benefit to the Defendants without compensation to the Plaintiffs is unjust.

54.     At all times, Plaintiffs fully expected to be compensated for their services and expertise benefitting the defendants.

9

55.     Defendants would be unjustly enriched beyond whatever contractual rights they might have, if they did not have to pay for the benefit provided by Plaintiffs.  Accordingly, Plaintiffs are entitled to the reasonable value of the services performed for Defendants, including shares of CI, which Defendants have not yet paid.

**WHEREFORE** plaintiffs DiMarco and Serpente demand judgment in their favor against defendants Lori Coates and Coates Innovation, LLC as follows:

1.     A declaration, pursuant to the terms of the contracts or under equitable principles, that Defendants are obligated to compensate John DiMarco and Joseph Serpente for all past professional services and expert advice, including promises of shares of CI, for past and future performance;

2.     Money damages, not limited to the contract terms, and including direct, compensatory and consequential damages, together with pre-judgment and post-judgment interest;

3.     Costs of suit;

4.     Counsel fees;

5.     Punitive damages; and

6.     Such and other further relief as the Court may deem just and proper.

BEDWELL & PYRICH, LLC
Attorneys for Plaintiffs

By:___ /s Anthony M. Bedwell_____
ANTHONY M. BEDWELL
(ID # 008732007)

Dated: June 6, 2019

10

## DESIGNATION OF TRIAL COUNSEL

Anthony M. Bedwell, Esq. is hereby designated as trial counsel pursuant to *R.* 4:25-4.

## DEMAND FOR JURY TRIAL

Pursuant to *R.* 4:35-1, Defendants hereby demand a trial by jury as to all issues so triable.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that to the best of my knowledge the matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated, and that no other parties should be joined in this action pursuant to *R.* 4:28 or *R.* 4:29-1(b).

BEDWELL & PYRICH, LLC
Attorneys for Plaintiffs

By:___ */s Anthony M. Bedwell*_____
      ANTHONY M. BEDWELL
      (ID # 008732007)

Dated: June 6, 2019

11

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001188-19

**Case Caption:** DIMARCO JOHN  VS COATES LORI

**Case Initiation Date:** 06/06/2019

**Attorney Name:** ALISSA PYRICH

**Firm Name:** BEDWELL & PYRICH, LLC

**Address:** 250 PEHLE AVE, STE 200 PARK 80 WEST, PLAZA II

SADDLE BROOK NJ 07663

**Phone:**

**Name of Party:** PLAINTIFF : DiMarco, John, F

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO          **Title 59?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/06/2019
Dated

/s/ ALISSA PYRICH
Signed